UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 0 8 2019
Clerk, U.S. District and
Bankruptcy Courts

Ismael Padilla, )
)
    Plaintiff, )
)
v. ) Civil Action No. 19-2051 (UNA)
)
)
United States of America, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a Texas state prisoner who has sued the United States of America. However, the handwritten complaint (1) is barely legible, (2) contains no coherent statement of facts, and (3) requests relief, to the extent discernible, that the district court cannot provide. *See* Compl. ¶ VI ("Plaintiff wants court to; 28 U.S.C. § 1915(g), appealed deleted so plaintiff may proceed in his appeals . . . ."). Therefore, this case will be dismissed for failure to state a claim. As explained next, this dismissal is at least plaintiff's fourth strike under 28 U.S.C. § 1915(g) and thus has additional consequences.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915. Although the U.S. Court of Appeals for the Fifth Circuit has "recognized" since "November 6, 2012" that "Padilla has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g)," *Padilla v. Pride-Richardson*, 533 Fed. App'x 442 (5th Cir. May 3, 2013) (per curiam), this Court "must independently evaluate prisoners' prior dismissals to determine whether there are three strikes." *Ladeairous v. Sessions*, 884 F.3d 1172, 1174 (D.C. Cir. 2018) (citing *Fourstar v. Garden City Group, Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017)). The Court has confirmed three such dismissals. *See Padilla v. Pride-Richardson, supra,* (dismissing plaintiff's appeal as "frivolous"); *Padilla v. Watkins*, 491 Fed. App'x 484, 485 (5th Cir. Nov. 6, 2012) (per curiam) (same); *Padilla v. Jenkins*, No. 3:11-cv-3509-M-BH, 2012 WL 1161643, at *4 (N.D. Tex. Mar. 7, 2012), *report and recommendation adopted*, No. 3:11-cv-3509-M-BH, 2012 WL 1174835 (N.D. Tex. Apr. 9, 2012) (dismissing plaintiff's civil complaint "as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B)")).

For the foregoing reasons, the Court will not only dismiss this case for failure to state a claim but will follow the Fifth Circuit in barring plaintiff from proceeding *in forma pauperis* in new civil actions, including any that may be pending at the time of this ruling. A separate order accompanies this Memorandum Opinion.

Date: October 3rd, 2019

CHRISTOPHER R. COOPER
United States District Judge